UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv366
(3:05cr14)

| | |
|---|---|
| ANTONIO STOWE MCDANIEL, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATED OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon the Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 and Memorandum in Support (Docs. No. 3 and 5); the Government's Answer and Motion for Summary Judgment (Doc. Nos. 14 and 15); and Petitioner's response (Doc. No. 18).[1] For the reasons stated below, the Government's Motion for Summary Judgment will be granted, and Petitioner's Motion to Vacate will be denied and dismissed.

---

[1] Petitioner's response contains a motion for discovery and for an evidentiary hearing. Both motions will be denied. As stated in the Order, the Court has determined that an evidentiary hearing is not necessary. With respect to the request for discovery, habeas petitioners have no right to automatic discovery. Stanford v. Parker, 266 F.3d 442, 460 (6th Cir. 2001). Pursuant to Habeas Rule 6(a) a prisoner must demonstrate good cause before he is entitled to any form of discovery in a federal habeas corpus proceeding. Discovery is extremely limited in such proceedings. See Bracy v. Gramley, 520 U.S. 899 (1997). Rule 6 allows discovery in a habeas proceeding only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Id. at 908-90 (1997) The burden of demonstrating the materiality of the information is on the moving party, Stanford, 266 F.3d at 460, and Rule 6 does not "sanction fishing expeditions based on conclusory allegations. Williams v. Bagley, 380 F.3d 932 (6th Cir. 2004). Petitioner has not satisfied the high standard set forth in Rule 6 for the discovery he is requesting. Therefore, Petitioner's motion for discovery is denied.

1

I.  **PROCEDURAL HISTORY** [2]

Petitioner was charged with one count of possessing more than five kilograms of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count One); one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two); one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (Count Three); and one count of possession of body armor by a felon convicted of a crime of violence, in violation of 18 U.S.C. § 931(a)(1) (Count Four). Petitioner pled guilty to Count Four. Following Petitioner's second jury trial, Petitioner was convicted of Counts One, Two and Three.[3] On September 21, 2006, Petitioner was sentenced to 151 months on Count One to run consecutive to the 300-month sentence imposed on Count Two. The Court imposed concurrent sentences of 120 months on Count Three and 36 months on Count Four. (Criminal case 3:05cr14, Doc. No. 41). On Appeal, Petitioner challenged the sufficiency of the evidence on Counts One and Two. On August 25, 2008, the Fourth Circuit issued an unpublished decision affirming Petitioner's conviction and sentence. United States v. McDaniel, 290 F. App'x 582 (4th Cir. Aug. 25, 2008) (unpublished). On November 10, 2008, the Supreme Court denied Petitioner's Petition for Writ of Certiorari.

On August 25, 2009, Petitioner filed his first Motion to Vacate. (Doc. No. 1). On November 6, 2009, Petitioner filed a motion to amend, accompanied by an amended § 2255 Motion to Vacate. (Doc. Nos. 2 and 3). This Court allowed the amended motion but limited Petitioner's claims to "the twenty claims listed in [Petitioner's] amended motion to vacate. (Doc. No. 4). In his Amended

---

[2] The procedural history was taken, in part, from the Court of Appeals decision. United States v. McDaniel, 290 F. App'x 582 (4th Cir. Aug. 25, 2008) (unpublished).

[3] Petitioner's first trial ended in a mistrial after witnesses testified regarding inadmissible other bad acts by the defendant. (Criminal Case 3:05cr14, Doc. No. 32).

Motion to Vacate, Petitioner alleges twenty separate claims, including: (1) constructive amendment of the Indictment; (2) Count Two of the indictment should have been dismissed; (3) the jury instruction on reasonable doubt was deficient; (4) his conviction is in violation of double jeopardy; (5) the Court erred in denying substitution of counsel motion; (6) prosecutorial misconduct for failing to disclose Brady and Giglio material; (7) prosecutorial misconduct at trial by improperly impeaching testimony; (8) denial of the right to confrontation; and (9) Petitioner qualifies for a two-level reduction for under the crack/cocaine amendment. Petitioner also alleges eleven claims of ineffective assistance of counsel.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. If the motion is not dismissed after that initial review, the court must direct the Government to respond. Id. The court must then review the Government's answer and any materials submitted by the parties and determine whether an evidentiary hearing is warranted pursuant to Rule 8(a). A district court may dismiss a petitioner's claim without an evidentiary hearing when the pleadings and additional materials submitted by the parties conclusively show that a petitioner is not entitled to relief on any of his claims. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Additionally, summary judgment is appropriate in those cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to a judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying standard to motion to vacate). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. V. Zenith

Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

Following such review, the Court finds that the pleadings conclusively show that Petitioner is not entitled to relief on any of his claims; thus, a hearing is not required.

## III. DISCUSSION

### A. Procedural Default

Petitioner's motion includes eight claims that were not raised on direct appeal.[4] These claims include: (1) trial evidence and jury instructions constructively amended Count One of the Indictment; (2) Count Two of the Indictment should have been dismissed because it charged both the "use and carry" and the "possession in furtherance" prongs of 18 U.S.C. § 924(c); (3) the jury instruction on reasonable doubt was constitutionally deficient; (4) Petitioner's conviction was obtained in violation of the Double Jeopardy Clause; (5) the Court erred in denying Petitioner's motion for substitution of counsel ; (6) the prosecutor engaged in prosecutorial misconduct by failing to disclose Brady and Giglio material; (7) the prosecutor engaged in prosecutorial misconduct at trial by improperly impeaching defendant's testimony; and (8) the Court erred when it denied and restricted the cross examination of Ms. Johnson, in violation of the Sixth Amendment right to confront adverse witnesses. Claims that could have been raised on appeal, but which were not, may not be asserted in collateral proceedings. "Habeas review is an extraordinary remedy and will not

---

[4] In direct contravention of this Court's January 6, 2010, Order (Doc. No. 4), directing that Petitioner not include additional claims other than those included in his Amended Motion to Vacate, Petitioner attempts to raise four new claims under the "Ground Two" heading and one new claim under both the "Ground Thirteen" and "Ground Fourteen" headings. None of these claims were alleged in his Amended Motion to Vacate, and the Court will not considered them.

be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of, or that he is actually innocent. See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).

Petitioner contends that all of his procedurally barred claims "were not previously presented . . . due to the ineffective assistance of trial and appellate counsel." (Doc. No. 3 at 5). When using ineffective assistance of counsel to excuse procedural default of another independent claim, counsel must have been so wholly deficient as to violate Petitioner's Sixth Amendment right. Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (citing Murray v. Carrier, 477 U.S. 478, 488-89 (1986), abrogated on other grounds by Sawyer v. Whitley, 505 U.S. 333 (1992)). Thus, Petitioner must show that by failing to challenge these eight issues, counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668 (1984). The Supreme Court has explained that while ineffective assistance of counsel may establish cause for a procedural default, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Murray, 477 U.S. at 486. Petitioner's blanket conclusory assertion as to all eight of his procedurally defaulted claims that such claims were not raised on appeal due to the ineffectiveness of counsel falls short of establishing "cause" for his procedural default. Petitioner has not met his burden in establishing cause for failing to raise these eight claims on direct appeal. Therefore, Petitioner has defaulted these claim, which bars collateral review.

5

### B. Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutuchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). To establish Strickland prejudice, a petitioner must demonstrate not only "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," but also that "the result of the proceeding was fundamentally unfair or unreliable." Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). In challenging his sentence, a petitioner must show, at a minimum, a "reasonable probability that his sentence would have been more lenient" but for counsel's errors. Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999) (internal quotations omitted). If a petitioner fails to demonstrate prejudice, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).

#### 1. Counsel's stipulations at trial

Petitioner contends that his counsel provided ineffective assistance by "stipulating all the key elements of all of the petitioner's offenses, thereby relieving the government of its burden of proof." (Doc. No. 3 at 6). He argues that counsel entered into various stipulations with the Government without his consent. (Id.) Petitioner's counsel counters that he "informed [Petitioner] of all actions [he took] on [Petitioner's] behalf" and "received no objections to such actions." (Doc. No. 14-1:

6

De Bernardo Affidavit at 5). Specifically, Petitioner claims that his counsel stipulated to the elements of 21 U.S.C. § 841 including drug identity, quantity and possession. He argues that with respect to the 922(g) and 924(c) charges, his counsel stipulated that he was a convicted felon and that the prior crime was a crime of violence.

Petitioner has not established that his counsel was deficient for failing to obtain his consent before entering into stipulations with the Government. The Fourth Circuit explained in Sexton v. French, 163 F.3d 874, 885 (1998), "[t]here are essentially two categories of decisions made by a criminal defendant's trial counsel: those decisions deemed 'personal,' that must be made with the defendant's consent and those that may be made without the defendant's consent." Id. The latter includes decisions regarding trial strategy and tactics, such as whether and what stipulations should be made. Id. Decisions that must be made with the defendant's consent include whether to enter a guilty plea, the decision to waive a jury trial, whether to pursue an appeal, and whether to testify at trial. Id. Trial strategy including whether to enter into any stipulations with the Government are decisions within the trial attorney's discretion, and need not be made with the client's consent. Therefore, Petitioner has not established that his counsel was deficient for failing to obtain his consent prior to entering into stipulations with the Government.

Petitioner has also not established prejudice with respect to the stipulations his counsel entered into without his consent. Significantly, Petitioner does not challenge the veracity of the stipulations or argue that they were misleading, confusing, or unfairly prejudicial. Petitioner contends that his counsel stipulated to his guilt by stipulating to every element of the crimes against him; however, counsel did not stipulate to Petitioner's knowing possession of either a controlled substance or a firearm, his intent to distribute, or the possession of a firearm in furtherance of a drug trafficking crime. Further, with respect to the stipulations regarding items found in the Petitioner's

7

home and as to Petitioner's criminal history, such stipulations served the purpose of streamlining the case. Petitioner's counsel understood that without such stipulations, the Government's case would have taken longer. Trial counsel may have chosen to enter into various stipulations believing that shaving off a day or possibly several days of additional government evidence made sense for Petitioner's trial strategy. Petitioner cites no legal reason why such evidence would not have been introduced at trial by the Government, and he has not established prejudice as to these stipulations.

    2.    **Counsel's failure to file a motion to suppress, request a <u>Franks</u> hearing, and argue that the search warrant was deficient**

Next, Petitioner contends that his counsel was ineffective for (1) failing to file a motion to suppress; (2) failing to request a <u>Franks</u>[5] hearing; and (3) failing to argue that the search warrant authorizing the search of Petitioner's apartment was deficient.

"Where defense counsel's failure to litigate a Fourth Amendment claim properly is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 375 (1986). Petitioner cannot meet this burden. The Supreme Court has described "probable cause" to search as "a fair probability that contraband or evidence of a crime will be found in a particular place." <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983). Probable cause may be established through information from any reliable source or sources. <u>Draper v. United States</u>, 358 U.S. 307, 313 (1959). Probable cause may also be established through an anonymous tip that has been corroborated. <u>Gates</u>, 462 U.S. at 241. With regard to assessing the reliability of informant information, the Supreme Court abandoned its prior "two-pronged" test in favor of a

---

[5] <u>Franks v. Delaware</u>, 438 U.S. 154 (1978).

8

"totality of the circumstances" test. Id. at 238. An affidavit in support of a search warrant may be based in whole or in part on hearsay information so long as there are sufficient indicia of reliability. United States v. DeQuasie, 373 F.3d 509, 518 (4th Cir. 2004).

In order to establish the need for a Franks hearing, a defendant must make a showing that (1) a false statement was made "knowingly and intentionally, or with reckless disregard for the truth," which was included by the affiant in the warrant affidavit, and (2) that the offending information was essential to the probable cause determination. Franks, 438 U.S. at 155-56.

Here, it is clear that Petitioner cannot establish either deficiency or prejudice with respect to these ineffective assistance of counsel claims. Trial counsel's affidavit explains that after he reviewed the evidence, interviewed witnesses, and spoke to the government, he believed that "there [was] no credible basis for a Motion to Suppress or a Franks hearing." (Doc. No. 14-1 at 5). Specifically, Petitioner's counsel explained that

> [a]fter I completed my review, I discussed with Mr. McDaniel that I believed we would have a very low probability of winning a Motion to Suppress hearing based on current [Fourth] Circuit law. I explained to Mr. McDaniel that [the judge] was a very competent judge by reputation. The facts and the law made it clear to me that we had little or no chance of succeeding with a Motion to Suppress evidence based primarily on the flimsy basis Mr. McDaniel considered in our discussions. Mr. McDaniel's decision not to file a Motion to Suppress the swat team seizure of the evidence at his home was made after we thoroughly discussed the matter. (There was very little disputable evidence seized, and included drugs, drug paraphernalia, body armor, and weapons.) . . . . Surprisingly, Mr. McDaniel subsequently agreed not to file a Motion to Suppress. He did not share his reasoning for accepting my advice in this instance.

Id. at 3-4. Counsel's explanation of his analysis that "little disputable evidence was seized" is supported by the record in this case. Petitioner has not established that counsel's decision not to file a motion to suppress was deficient.

Next, counsel's decision not to file a motion to suppress was part of a sound defense strategy. Counsel stated in his affidavit that [his] hope was that we would reach a more favorable plea agreement for Mr. McDaniel if we did not waste the Court's and prosecutor's time on a Motion to Suppress." Id. Counsel also stated that he "thought [Petitioner's] decision not to file the Motion to Suppress could aid and promote the plea agreement I ultimately negotiated for, but which was rejected by Mr. McDaniel." Id. Counsel's affidavit makes clear that he did not believe a motion to suppress was appropriate and that he recognized that filing a suppression motion could preclude the government's extension of a beneficial plea offer. Petitioner has not established that his counsel's decision not to file a suppression motion was deficient or unsound trial strategy.

Petitioner cannot establish that counsel's decision not to file a suppression motion resulted in prejudice to him. Petitioner claims that Officer Rivers made a material misstatement in his affidavit in support of the warrant by indicating that Ms. Johnson, who performed the controlled buy, was a reliable informant. Petitioner argues that this statement is false because Officer Rivers had only known Ms. Rivers, the confidential informant, for two days, and therefore was incapable of vouching for her reliability. While Officer Rivers may have only known the confidential informant for two days, he acknowledged in the search warrant application affidavit that a colleague, Officer Harris, knew Ms. Johnson to be a confidential and reliable informant. Petitioner has not established that (1) Officer Rivers made a false statement, entitling him to a <u>Franks</u> hearing; (2) that the confidential informant was unreliable;[6] (3) that he had a meritorious claim for suppression; or

---

[6] Petitioner also claims that Officer Rivers falsely stated that the confidential informant had performed a "controlled" buy, and that the search warrant was thus deficient. Petitioner's claims that Officer Rivers did not see the transaction or use certain technology to record the transaction, and that the CMPD officers should have made multiple controlled purchases from Petitioner, do not show that Ms. Johnson's purchase of cocaine base from Petitioner during a controlled buy did not occur on January 19, 2005.

(4) that he was prejudiced by counsel's defense strategy. Therefore, these claims that counsel was ineffective are denied.

### 3. Failure to convince Petitioner to accept the Government's plea offer

Petitioner also claims his counsel was ineffective because he failed to convince Petitioner to accept the Government's plea offer. Specifically, Petitioner alleges that "[t]he government offered petitioner a plea which was more favorable to the petitioner than the time he was facing if he elected to proceed to trial and found guilty. The counsel failed to effectively pursue petitioner to avoid longer sentences by pleading guilty to a much reduced sentence." (Doc. No. 3 at 6).

In his sworn affidavit, Petitioner's counsel discusses the steps he took to help secure a favorable plea for Petitioner. Specifically, he states that he chose not to file a frivolous suppression motion in an attempt to secure a favorable plea agreement. (Doc. No. 14-1 ¶ 11). Counsel noted that Petitioner rejected the plea agreement, refusing to discuss or review the plea agreement, as he was determined to go to trial. (Id. at 4-5). Petitioner's claim, which is conclusory, fails to identify facts capable of establishing either prong of the Strickland test and is therefore denied.

### 4. Failure to challenge purported 404(b) evidence

Petitioner next claims his counsel was ineffective for failing to challenge the "inadmissible evidence of 'other bad acts' pursuant to Rule 404(b)." (Criminal case 3:05cr14, Doc. No. 5 at 22). Specifically, Petitioner claims his counsel should have objected to the introduction of evidence of (1) petitioner's involvement with prostitution, (2) marijuana and ecstasy, (3) his body armor, (4) his gold teeth, (5) his gold chains, (6) a picture of his flashing money, and (7) his tax records.

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Crim. P. 404(b). Petitioner first argues that his counsel should have

11

objected to evidence presented concerning his prostitution activities. Petitioner does not provide a citation to the record concerning prostitution activities. However, the Court has reviewed the transcript and notes that Officer Rivers testified that Petitioner had gold teeth with the words "pimp daddy" written on them. When asked what "pimp daddy" meant, he opined that it refers to the manager of prostitutes.[7] (Id., Doc. 57 at 48). Evidence of the gold teeth was introduced to show that Petitioner had valuable items in his possession, yet no legitimate source of income with which to purchase such items, which supported the Government's theory that Petitioner was able to buy this type of expensive item with money he acquired by selling drugs. To the extent that counsel was deficient for failing to object to Officer Rivers' testimony, any harm from such testimony was countered by Petitioner's own testimony that his teeth said "puff daddy" and not "pimp daddy." (Id., Doc. No. 52 at 117). There was no other testimony regarding prostitution activities related to the Petitioner. Therefore, to the extent Petitioner's counsel was deficient for failing to object to Officer Rivers' testimony as to the writing on the gold teeth, Petitioner cannot establish prejudice in light of the overwhelming other evidence supporting the jury's finding of guilt: Petitioner's possession of crack cocaine along with various tools of the drug trade, including an electronic scale, baggies, and a razor blade, as well as an assault rifle and a semiautomatic pistol.

Next, Petitioner contends that his counsel was ineffective for failing to object to the introduction of the body armor, marijuana, and ecstasy, which were all seized from his apartment

---

[7] The only other evidence related to this topic is Petitioner's own testimony that he had unsuccessfully attempted to set up an escort service. (Criminal case no. 3:05cr14, Doc. No. 52 at 195). The government's introduction of tax records confirmed that Petitioner's escort business was unsuccessful. The government then established, through the introduction of Petitioner's gold chains, gold teeth, and photos of Petitioner with large amounts of cash, that Petitioner had unexplained wealth. However, Petitioner makes no attempt to explain how the possession of the gold teeth and gold chains and the picture with money are prior bad acts pursuant to Rule 404(b).

at the same time as the cocaine base and firearms. This evidence, seized at the same time and location as the cocaine base and firearms, is not evidence of other crimes or bad acts. Rather, it is evidence that is inextricably intertwined with the charged conduct. Petitioner has not established that his counsel was deficient for failing to object to the introduction of the above cited evidence on the basis of Rule 404(b). Therefore, Petitioner's claim must be denied.

### 5. Failure to challenge prior § 924(c) conviction

Petitioner next argues that his counsel was ineffective for failing to challenge, at his sentencing hearing, the validity of his prior conviction for violating 18 U.S.C. § 924(c). Without any further explanation, Petitioner contends that his conviction was invalid pursuant to Bailey v. United States, 516 U.S. 137 (1995). Petitioner offers no facts to suggest that his conviction was called into question by Bailey or that he was prejudiced by an enhanced federal sentence. Petitioner also does not state what efforts were made post-Bailey to secure any available relief from an allegedly invalid conviction. Petitioner cannot establish that his counsel was deficient because, with the exception of a conviction obtained without counsel, a defendant may not attack, at his sentencing hearing, a prior conviction used to enhance a federal sentence. Custis v. United States, 511 U.S. 485 (1994). Trial counsel, therefore, was not ineffective for failing to make an argument that is foreclosed by Supreme Court law. Petitioner has not established deficiency or prejudice in connection with this claim, and it must be denied.

Next, Petitioner argues that his counsel was ineffective for failing to challenge the use of his prior § 924(c) conviction as a violation of the ex-post facto clause of the Constitution. Petitioner was convicted of violating § 924(c)(1) in 1993 after shooting at a Deputy United States Marshal while in flight after a robbery. In 1993, the penalty for a second or subsequent violation of this section was twenty years. 18 U.S.C. § 924 (1993). In 1998, Congress increased the penalty for a

second or subsequent violation of this section to the current twenty-five years. 18 U.S.C. § 924 (1998). Petitioner's argument is that his trial counsel in 2006 was ineffective for failing to challenge the increased punishment of the amended statute, which was not foreseeable to him at the time of his guilty plea in 1993.

"To fall within the ex post facto prohibition, a law must [1] be retrospective . . . and [2] it 'must disadvantage the offender affected by it' by altering the definition of criminal conduct or increasing punishment for the crime." Lynce v. Mathis, 519 U.S. 433, 441 (1997) (citations omitted). "A law is retrospective if it changes the legal consequences of acts completed before its effective date." Miller v. Florida, 482 U.S. 423, 430 (1987) (quotation and citation omitted).

The Constitution's prohibition of criminal ex post facto laws does not apply here. Petitioner pled guilty to his first § 924(c)(1) offense in 1993. Petitioner violated this section a second time in 2005, approximately seven years after Congress increased the penalty for a second violation of the statute from twenty years to twenty-five years. Despite his argument, Petitioner has not been more severely punished in 2005 for his 1993 conviction. Rather, Petitioner was punished under the applicable statute for his 2005 conduct. Accordingly, the punishment enhancement did not violate the Constitutional prohibition against ex post facto criminal laws. Petitioner has not established that his counsel was deficient for failing to raise an ex post facto claim and his claim must be denied.

      **6.**    **Failure to make a Rule 29 Motion**

Next, Plaintiff contends that his counsel was ineffective for failing to make a Rule 29 motion at the close of the Government's case.[8] He argues, "had trial counsel filed a Rule 29 motion, the

---

[8] At the close of the Government's case, the Court inquired whether defense counsel had any motions. Although counsel responded that he did not, the Court went on to make a specific finding that in considering the evidence in the light most favorable to the Government, there was sufficient evidence on each count of the Indictment for the case to go to the jury. (Criminal case

district court and appellate court would have done a review of the case and reversed [his] conviction." (Doc. No. 3 at 8). Petitioner argues that if the Fourth Circuit were not constrained to conduct a plain error analysis, the Court would have concluded that there was insufficient evidence to convict him. Specifically, Petitioner contends that there was no evidence to infer that the firearm was manufactured out of state or had an nexus to interstate commerce or that Petitioner owned the safe from which the firearm was recovered or even had access to the safe. (Doc. No. 5 at 32).

Although Petitioner alleges that there was no testimony as to the whether the firearm was manufactured out of state or had any nexus to interstate commerce, the record does not support his contention. Special Agent Rich of ATF testified that Petitioner's SKS assault rifle was manufactured in China and his .40 caliber semiautomatic pistol was manufactured in Prescott, Arizona, and that both affected interstate commerce by traveling to Petitioner's home in North Carolina. (Doc. No. 52 at 78-79). Petitioner also contends that the Government failed to prove that he owned the safe from which the guns were recovered. However, the record clearly reflects that the SKS assault weapon was found in Petitioner's closet, (Id. at 20-21, 81), and the semiautomatic pistol was found under a cushion of a chair. (Id. at 11, 88, 100). No weapons were found in the safe. (Id. at 18). Petitioner has misstated the evidence and failed to allege facts establishing that the Fourth Circuit would have found the evidence insufficient if they had not used the plain error standard of review. Moreover, the record establishes that despite counsel's failure to make a Rule 29 motion at the close of the Government's case, the Court made a finding that considering the evidence in light lost favorable to the Government, there was sufficient evidence on each count for the case to go to the jury. (Criminal Case 3:05cr14, Doc. No. 52 at 113). Petitioner was not

---

3:05cr14, Doc. No. 52 at 113).

prejudiced by counsel's failure to make a Rule 29 motion at the close of the Government's case, and therefore, his ineffective assistance of counsel claim must be denied.

### 7. Failure to object to Officer Rivers' testimony

Petitioner argues that his counsel was ineffective for failing to object to comments Officer Rivers "blurted" out during cross examination, which included "inappropriate conclusions of law and fact . . . ." (Doc. No. 3 at 8). A review of the transcript reveals that during cross examination, Officer Rivers testified as follows:

| | |
|---|---|
| Defense counsel: | Do you have any evidence or knowledge of the ownership of these phones? |
| Rivers: | Not right offhand – no. |
| Defense counsel: | How about the purchase of them? |
| Rivers: | No. |
| Defense counsel: | So we don't know if the defendant owns them, or whether he purchased them? |
| Prosecutor: | Objection |
| Court: | The basis? |
| Prosecutor: | Asked and answered. |
| Court: | One question is ownership, the other is purchase. I will allow him to answer that. |
| Rivers: | No, he had no paperwork. The defendant is a convicted felon so purchasing a gun legally, he could not. |
| Court: | I'll move to strike that answer as being non-responsive. Ladies and gentlemen of the jury, disregard that last response. Go ahead and ask your next question. |
| Defense counsel: | That wasn't my question. Do you have any evidence that he purchased this gun? |
| Rivers: | No. It was on his person, he had possession of the gun. |
| Defense counsel: | You testified a moment ago that you didn't see it. |
| Rivers: | That's true. |

(Id. at 16-17). Petitioner contends that Officer Rivers "injected in his testimony the ultimate issues of the elements of the charged offenses, e.g. petitioner being a convicted felon, and petitioner possessed the gun, despite that he himself never saw the petitioner with any gun." (Doc. No. 5 at 34).

With respect to Officer Rivers' statement that Petitioner was a felon, the Court, on its own motion, moved to strike Officers Rivers' answer as being non-responsive and directed the jury to disregard Officer Rivers' statement. Therefore, even if counsel were deficient for failing to object, Petitioner cannot establish prejudice, as the Court cured any prejudice with its directive that the jury disregard Officers Rivers' statement. Moreover, Petitioner testified that he was a convicted felon, (Id. at 120), and stipulated that he was convicted of a crime punishable by imprisonment for more than a year. (Id. at 146). Therefore, Petitioner cannot established prejudice as to the failure to object to Officer Rivers' statement that he was a convicted felon.

As to Rivers' statement that Petitioner had possession of the gun, when considered in the context of the entire statement, it is clear Officer Rivers was talking about physical possession and not legal possession as Petitioner is attempting to argue. Further, Officer Rivers' statement that Petitioner possessed a gun was not the only evidence regarding Petitioner's possession of a firearm. The evidence at trial was that a SKS assault weapon was found in Petitioner's closet, (Id. at 20-21, 81), and the semiautomatic pistol was found under a cushion of a chair in Petitioner's apartment. (Id. at 11, 88, 100). While Petitioner denied owning the firearms, he admitted he had them in his possession. (Id. at 118). There was sufficient evidence, other than from Officer Rivers, from which the jury could conclude that Petitioner had possession of the firearms in furtherance of his drug trafficking. Counsel's failure to object to Officer Rivers' statement that Petitioner possessed a gun was not prejudicial, and this claim for ineffective assistance must be dismissed.

### 8. Failure to challenge guidelines calculation

Next, Petitioner contends that his counsel was ineffective for failing to challenge the Guidelines calculation. Petitioner argues that there were other people in his apartment on January 20, 2005, and offers that "drugs found in their rooms, for their own use, cannot be attributed to [his]

17

possession charge." (Doc. No. 5 at 35). Petitioner also argues that he and his friends were consuming controlled substances in the apartment and that such drugs should have been excluded from the drug quantity assessment. Petitioner's claim is conclusory in that he offers no facts supporting his claim that (1) drugs were found in anyone else's room or (2) that any portion of the recovered 26.56 grams of cocaine base was for personal use. Petitioner does not attempt to specify what quantity of drugs should have been excluded as personal use, nor does he articulate what evidence from the record his attorney could have relied upon in support of this claim other than that he generally was a drug user. The record establishes that one bag of cocaine base was found on a computer desk along with various tools of the drug trade, and a second bag was found in a locked safe in Petitioner's bedroom. (Criminal Case 3:05cr14, Doc. No. 57 at 28-31, 39-42). Petitioner has not established either prong of the Strickland test, and this claim must be denied.

Petitioner also argues that his counsel was ineffective for failing to object to the PSR's indication that the cocaine base was "crack cocaine." Petitioner contends that during trial, the Government and witnesses referred to the drugs as "cocaine base" and not "crack." Petitioner is incorrect. Officer Rivers testified that the cocaine base found on Petitioner's computer desk and in his safe was "crack cocaine." (Criminal Case 3:05cr14, Doc. No. 57 at 27). Officer Rivers explained the difference between the cocaine and cocaine base/crack cocaine that was found in Petitioner's apartment. (Id. at 28, 42). The confidential informant testified that the cocaine base she purchased from Petitioner the day before was "crack." (Id., Doc. No. 52 at 33-36). Even the Petitioner himself conceded that the cocaine base in his apartment was "crack." (Id. at 152-53). The record does not support Petitioner's claim, and Petitioner has not established either prong of the Strickland test. This claim, too, must be denied.

As his last claim for relief, Petitioner argues that he qualifies for a two-level reduction pursuant to the amendment of Guideline § 2D1.1 of the Sentencing Guidelines. A reduction pursuant to 18 U.S.C. § 3582 is not cognizable under 28 U.S.C. § 2255. Therefore, Petitioner's claim must be denied.[9]

## IV. CONCLUSION

The Court has considered the pleadings and documents submitted by the parties and the entire record of this matter and finds that Petitioner is not entitled to relief on any of his claims.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion for Summary Judgment (Doc. No. 15) is **GRANTED**; and

2. The Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 3) is **DISMISSED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, petitioner must establish both that dispositive procedural ruling is debatable, and that petition states a debatable claim of the denial of a constitutional right).

---

[9] The Court notes that Petitioner filed a separate motion in his criminal case for this relief. (Criminal case 3:05cr14, Doc. No. 69).

**SO ORDERED.**

Signed: March 15, 2011

Robert J. Conrad, Jr.
Chief United States District Judge